UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


IN RE:                                            Case No.: 6:15-bk-00535-KSJ

CHERISE A. BARR,                                  Chapter 7

      Debtor,
_____/


**EMERGENCY HEARING REQUESTED**
DEBTOR'S EMERGENCY MOTION TO COMPEL
TRUSTEE TO RELEASE TO DEBTOR EXEMPT EARNINGS


      Debtor, CHERISE A. BARR, by and through her undersigned counsel, files this

Emergency Motion to Compel Trustee to Release to Debtor Exempt Earnings and in support

thereof states as follows:

      1.      Debtor moves this Court to require the Chapter 7 Trustee, Emerson Noble, to

release her earnings of approximately $10,709.34 which, on the date of filing her Chapter 7

petition, was held in a Wells Fargo checking account numbered  xx7014.   The subject earnings

have been frozen by Wells Fargo pending release by Mr. Noble.

      2.      This case was initiated by the Debtor's filing of a petition under Chapter 7 of the

United States Bankruptcy Code on January 22, 2015.

      3.      The Chapter 7 Trustee assigned to the case is Emerson C. Noble ("Trustee").

      4.      Debtor properly listed her bank checking account with Wells Fargo, numbered

xx7014 ("Account") on Schedule B reflecting a balance of $14,279.12, as of the date of filing.

      5.      Debtor's Account contained earnings she had received from personal services

provided to Reminder Milly, LLC. Accordingly, Debtor exempted the full balance of the Wells Fargo Account on Schedule C of her bankruptcy. Because Debtor does not qualify as "head of family" under the statutory definition (Fla. Stat. §222.21(1)(c)), Debtor's exemptions were split between Fla. Stat. Ann. §222.11(2)(c) for $10,709.34 representing seventy-five percent (75%) of the account and Fla. Stat. Ann §222.25(4) for the remaining $3,569.78 representing twenty-five percent (25%) of the balance.

6.      Trustee has released $3,569.78 to the Debtor for her use. Trustee has not released $10,709.34 of the earnings.

7.      Ms. Barr received the earnings in the account as a five percent (5%) commission for her personal services of marketing and sales as it related to potential investors in Reminder Milly, LLC. She was due the money as commission for an investment deal that closed between her employer, Reminder Milly, LLC and an investor. Ms. Barr would not have received any commission had the deal not been consummated by the parties. Likely due to her poor health and hospitalization with a life-threatening condition, Ms. Barr's employment was limited to this one project which was completed in approximately six (6) weeks.

8.      Ms. Barr had previously been an employee of the principals of Reminder Milly LLC at another company they owned which is now called, Imagination House. In that role she performed a function similar to that which she provided to Reminder Milly, LLC. The principals were aware of her abilities, sought her out and hired her to assist with locating investors and getting the deals closed. Ms. Barr's employment scope and payment terms were verbal and generally understood by her and Reminder Milly due to the familiarity of the parties.

9.      Ms. Barr was not required to use her own equipment or supplies in the

2

commission of her employment.  She relied on Reminder Milly to pay all expenses of the

interaction with the investor.  She and at least one principal of Reminder Milly was present for

all business discussions beyond those of the initial sales calls.  Reminder Milly provided its  own

resources to construct the terms of the investment, prepare the contracts and close the deal.

Reminder Milly engaged and directed all attorneys, CPA's and other professional staff associated

with the investment deal.

      10.    During her employment with Reminder Milly, Ms. Barr did not have her own

business, work for any other entity, nor did she receive earnings or other compensation from any

other source.  While Ms. Barr received a 1099-MISC form for Miscellaneous Income reporting

the compensation she received from Reminder Milly, she contends she was the "funtional

equilavent of an employee" and was paid by 1099 only because of the short duration of

theproject.  See, In re: Zamora, 187 B.R. 783 (Bankr. S.D. Fla. 1995), citing In re Hassan, Case

No. 94-4568, June 22, 1995 where the court found that the label "employee" or "independent

contractor" was not the deciding factor for application of the earnings exemption.  The Hassan

court allowed the exemption because the debtor had an arms length agreement to perform

services that were much like a job making him "functionally equilavent to an employee". Id.

      11.    Florida Statute §222.11(1)(a) defines earnings as "compensation paid or payable,

in money of a sum certain, for personal services or labor whether denominated as wages, salary,

commission, or bonus.

      12.    Ms. Barr contends that the remaining $10,709.34 held in her Account constitutes a

commission for personal services provided during her employment with Reminder Milly which

falls under the definition of the Florida exemption for wages under Fla. Stat. §222.11.

13.    Debtor has incurred additional attorney fees and costs to bring this motion.

WHEREFORE, Debtor respectfully requests this Court for it's Order compelling Trustee to release Debtor's remaining earnings of approximately $10,709.34 which was in her Account on the date of filing her Chapter 7 petition.  Debtor further requests that this Honorable Court award fees for bringing this motion to the undersigned, and such other relief that may be just and proper in the circumstances.

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent by either electronic transmission or U.S. mail this 6th day of February, 2015, to Emerson C. Noble, Post Office Box 622798, Oviedo, FL 32762-2798; John Henry Meininger, III, Attorney for Trustee, Post Office Box 1946, Orlando, FL 32802-1946; and Cherise A. Barr, 5748 Parkview Point Drive, Orlando, FL 32821.

/s/ Cynthia E. Lewis
James H. Monroe
Florida Bar No.: 311995
Cynthia E. Lewis
Florida Bar No. 53076
James H. Monroe, P.A.
Post Office Box 540163
Orlando, Fl 32854
(407) 872-7447
Fax. No.: (407) 872-7491
Email:jamesmonreo@jamesmonroepa.com
Email: clewis@jamesmonroepa.com
Attorney for Debtor